IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH E. MORRIS,                      )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     Case No. 1:18-cv-106-ECM-WC
                                        )
LORI COLLIER INGRAM, *et al*.,          )
                                        )
          Defendants.                   )

## RECOMMENDATION OF MAGISTRATE JUDGE

Pending before the Court are the Motion to Dismiss by Defendant Lori Collier Ingram (Doc. 19), Motion to Dismiss by LaDonna B. Spivey (Doc. 21), and Motion to Dismiss by Defendant Nancy A. Berryhill (Doc. 25). The District Judge has referred this matter to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 4. Defendants' motions are fully briefed and are ripe for recommendation to the United States District Judge. For the reasons set forth below, the undersigned recommends that the Defendants' motions (Docs. 19, 21, and 25) be GRANTED.

## I.    BACKGROUND

This lawsuit arises out of a judgment entered in a state court child support case filed against Plaintiff in Houston County, Alabama. Doc. 1 at 5. Plaintiff alleges that a hearing was held in that case on February 17, 2010. *Id.* at 3, Doc. 1-1 at 3, and Doc. 1-2. Exhibit A to Plaintiff's Complaint, entitled "Findings/Recommendation/Order Establishing Paternity and Setting Amount of Child Support," indicates that Plaintiff was present at that

hearing and signed "acknowledge[ing] receipt of a copy of these findings on 2-17-2010."
*See* Doc. 1-2.   On March 23, 2010, Defendant Lori Collier Ingram, the district judge
presiding over the case, signed the portion of Exhibit A adopting the findings regarding
paternity and child support and entering a final order. Doc. 1-2.

On January 27, 2012, Defendant Spivey, as Attorney for Houston County
Department of Human Resources, filed a Motion for Continuing Garnishment advising the
court that Plaintiff was awaiting a lump sum payment of social security benefits and asking
the court to enter an order for continuing garnishment with respect to that payment. Doc.
1-1 at 3 and Doc. 1-4.   Plaintiff asserts that Defendant Spivey mailed a copy of that motion
to him at an address that was incorrect. Doc. 1 at 5.   On February 8, 2012, Defendant
Ingram issued the requested order. Doc. 1-2.

On February 13, 2012, Defendant Spivey had a process of garnishment issued to the
Social Security Administration ("SSA") by the District Court of Houston County. Doc. 1-
4.   Plaintiff states the process of garnishment "was ordered at a hearing that I was not
present for nor notified of" until he was served with a "default judgment." Doc. 1-1 at 3.
He also states that he "was mailed this notice after the hearing at been [held]." Doc. 1-1 at
13.   Plaintiff was confined at the Houston County Jail beginning August 22, 2011, and
"[d]uring the process of garnishment." Doc. 1-1 and 1-5.   The "default judgment" and
"notice" to which he refers, attached as Exhibit D to his Complaint, is the process of
garnishment issued on February 8, 2012, and a copy of what appears to be a mailing label
addressed to Plaintiff at the Houston County Jail. Doc. 1-1 at 3 and Doc. 1-5.   Plaintiff does
not dispute receiving this notice; his complaint is that it was mailed to him after a hearing

that he did not attend. Doc. 1-1 at 3, 13.  Based on a review of the documents submitted to the court by the parties, there is no indication that a hearing was ever held.

Plaintiff has not provided the court with the date on which his initial lump sum payment from the SSA was garnished.  Plaintiff submitted a copy of his child support payment summary for April 2010 through December 2012, which shows a lump sum payment on February 1, 2012, but Plaintiff failed to explain what each payment represents or the source of each payment. *See* Doc. 31-1.  Plaintiff submitted two statements showing that his 2011 and 2012 benefits were offset for a garnishment or tax levy, but there is no date listed for the offset. Docs. 1-6 and 1-7.  Nevertheless, it appears that Plaintiff had already begun to receive regular monthly benefits at least by October 30, 2012, because on that date the SSA sent him two letters explaining that there had been a change in the amount deducted from his monthly benefits to pay child support as a result of the garnishment order. Doc. 31-1 at 18–19, 26.  One month later, the SSA mailed a letter to Plaintiff advising that his monthly benefits would cease because they learned that he had been imprisoned for conviction of a crime. Doc. 31-1 at 27.

Plaintiff now brings this federal action against Defendant LaDonna Spivey, the attorney who represented the State of Alabama Department of Human Resources in Houston County; Defendant Lori Collier Ingram, the Houston County district judge who presided over the case; and Defendant Nancy Berryhill, Acting Commissioner of the Social Security Administration.  He asserts claims against these Defendants for violations of their oaths of office; fraud; civil conspiracy; and violations of his Fourth, Fifth, Sixth,

Thirteenth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. *See generally* Docs. 1 and 1-1.

## II.   STANDARD OF REVIEW

When ruling on a motion pursuant to Rule 12(b)(6), "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). In order to state a claim upon which relief could be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure, which requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to survive Defendants' motions to dismiss, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually

plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are 'merely consistent with' a defendant's liability, however, are not facially plausible."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the claims alleged in the complaint, then the claim is "plausible" and the motion to dismiss should be denied and discovery in support of the claims should commence. *Twombly*, 550 U.S. at 556.  Nevertheless, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.  Ultimately, in assessing the plausibility of a plaintiff's claims, the court is to avoid conflating the sufficiency analysis with a premature assessment of a plaintiff's likelihood of success because a well-pleaded claim shall proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.  DISCUSSION

### A.    Plaintiff's Claims Based on Violation of Oath of Office

Plaintiff brings claims against each Defendant for alleged violations of oaths of office.  The undersigned is aware of no authority supporting a federal private cause of action for a state official's action contrary to his or her oath of office, unless that action

otherwise violated a statute affording the plaintiff a private right of action or violated the plaintiff's constitutional rights forming the basis of a § 1983 action. Plaintiff has alleged various § 1983 claims arising out of the same set of facts, each of which is addressed below. Plaintiff provides no support for any argument that a separate federal cause of action exists for violation of oath of office. Thus, the court finds that Plaintiff has failed to state a claim under federal law based on a violation of an oath of office and that those claims are due to be dismissed. *See Etherton v. City of Rainsville*, 2015 WL 6123213, at *11 (N.D. Ala. Oct. 19, 2015), *aff'd,* 662 F. App'x 656 (11th Cir. 2016).

### B.     Alleged Constitutional Violations Inapplicable to this Case

Plaintiff asserts a claim for violation of his Fourth Amendment rights under the U.S. Constitution, which protects against "unreasonable searches and seizures" and provides that no warrants shall be issued "but upon probable cause." U.S. CONST. amend. IV. The Court is unable to discern any facts from Plaintiff's Complaint that would give rise to a cause of action based on the Fourth Amendment. Further, Sixth Amendment, which affords certain protections to individuals, specifically states that it applies to "all criminal prosecutions." U.S. CONST. amend. VI. Thus, the Sixth Amendment does not apply in this matter. Finally, the Thirteenth Amendment, which prohibits slavery and involuntary servitude, has no relevance to any factual allegation in this case. U.S. CONST. amend. XIII. Therefore, Plaintiff's claims based on the Fourth, Sixth, and Thirteenth Amendments are due to be dismissed.

### C.      Plaintiff's § 1983 Claims Under the Fifth and Fourteenth Amendments

Constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia,* 471 U.S. 261, 275–76 (1985); *Crowe v. Donald,* 528 F.3d 1290, 1292 (11th Cir. 2008).   In Alabama, the statute of limitations for § 1983 claims is two years. Ala. Code § 6–2–38; *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *see also Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989) (stating that the two-year limitations period applies to Section 1983 actions in Alabama).

Noticeably missing from Plaintiff's Complaint is any explanation as to why he waited almost six years after his 2012 benefits were garnished to file this lawsuit.   In his Complaint, he states that he "was unaware of the fact[] that you're SSI benefits could not be garnish[ed]," so he began a "state common law tort claim on the 21 of August, 2017."[1] Doc. 1-1 at 4.   In response to the Defendants' arguments concerning statute of limitations, Plaintiff makes only two statements in rebuttal: (1) "The Plaintiff accrues this information on February 15, 2018, thru the Social Security Administration in Dothan, Alabama" and (2) "[t]ime for commencing actions against the United States [28 U.S.C. § 2401] February 15, 2018, when Defendant accrued or received Notice." Doc. 31 at 3–4.   However, Plaintiff has failed to demonstrate how information he received in February of 2018 has any bearing on claims arising out of the garnishment of his social security benefits in 2012.

---

[1]The "state common law tort claim" lawsuit is a twenty-four-page document attached to Plaintiff's Complaint (see Doc. 1-11). Plaintiff does not state whether it was ever filed in a court.

In an attempt to support his contentions, Plaintiff references a letter from the Social Security Administration dated February 14, 2018, advising him that he is ineligible to receive social security benefits while incarcerated. Doc. 31-1 at 22.  Plaintiff is ostensibly asserting that this letter was his first notice of conduct that triggered the running of the statute of limitations (even though he attached another letter from November 2012 advising him of the same, Doc. 31-1 at 27), but this document is unrelated to the garnishment of social security benefits in 2011 and 2012 and has no bearing on whether the statute of limitations bars the § 1983 claims asserted in this lawsuit.

Moreover, in the underlying state child support case, Plaintiff filed a "Motion to Exempt from Garnishment" after his social security benefits were garnished.  *See* Doc. 19, *Sutherland v. Morris*, Case No. CS-09-516 (Dist. Ct. of Houston Co., Ala).  This document was signed by Plaintiff on June 6, 2013, and filed on June 10, 2013. *Id.*  In that motion, Plaintiff states that the "social security benefits that [he] was receiving [were] his only source of income." *Id.*  He further states that, after advising the plaintiff in the underlying child support case that he was "awaiting a lump sum payment from his disability," he was arrested in August 2011 and remained at the Houston County Jail until November 2012. *Id.*  He complains that he "never had any knowledge nor received or signed any documents concerning a court appearance" and asked that court order repayment of his money that was "maliciously and falsely" obtained. *Id.*

Although neither party submitted a copy of the above motion in this case, a court "may take judicial notice of the contents of public records not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related

8

filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted); s*ee also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding that district court properly took judicial notice of documents in plaintiff's first case, which were public records "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned"); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999) (recognizing district court may take judicial notice of certain facts without converting motion to dismiss into motion for summary judgment). In this case, the undersigned takes judicial notice of the motion requesting exemption of garnishment filed by Plaintiff. The undersigned does not take judicial notice for the truth of the statements asserted in the motion but, instead, for the fact that Plaintiff was already aware of the 2011 and 2012 garnishments when he filed the motion. Accordingly, regardless of whether Plaintiff disputes that he received proper or timely notice of the garnishment when it was filed, Plaintiff was fully aware that his social security benefits had been garnished when he signed the motion on June 6, 2013.

Plaintiff then waited until February 12, 2018, to file this lawsuit. The most recent date that Defendant Spivey took any action allegedly in violation of Plaintiff's constitutional rights is February 13, 2012. For Defendant Collier, the most recent date is March 23, 2012. For Defendant Berryhill, the specific dates of garnishment are unknown. However, garnishments occurred in 2011 and 2012 until his benefits were stopped altogether due to his incarceration on November 28, 2012, and Plaintiff was aware these garnishments at least by June 6, 2013, when he signed the motion asking to be exempt from garnishment. Doc. 31-1 at 9, 18, and 26. A dismissal for failure to state a claim "on statute

of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted). In this case, it is apparent from the face of the Complaint and attached exhibits that the alleged conduct about which Plaintiff complains took place more than two years before he filed this lawsuit. Accordingly, Plaintiff's § 1983 civil rights claims are barred by Alabama's two-year statute of limitations, and the undersigned recommends that they be dismissed.[2]

### D.     Plaintiff's Fraud Claim

Like Plaintiff's § 1983 claims, his fraud claims are also subject to a two-year statute of limitations. Ala. Code §§ 6–2–3, 6–2–38. A fraud claim accrues and the statutory limitations period begins to run upon the earlier of (1) actual discovery of the alleged fraud or (2) receipt of a document or contract alerting the plaintiff to the possibility of fraud, if the plaintiff could have read and understood such document and chose to ignore its written terms." *Brawley v. Nw. Mut. Life Ins. Co.*, 2018 WL 6725327, at *3 (N.D. Ala. Dec. 21, 2018) (citing *Owens v. Life ins. Co. of Georgia,* 289 F. Supp. 2d 1319, 1325 (M.D. Ala.

---

[2] Plaintiff listed his address on the Complaint as Draper Correctional Facility. Doc. 1 at 2. On his response to the Defendants' Motions to Dismiss, he listed his address as Ventress Correctional Facility in Clayton, Alabama. Doc. 31 at 11 and 13. It is unclear from the documents Plaintiff has filed whether he was released from the Houston County Jail before going into the custody of the Alabama Department of Corrections or if he was transferred directly into the custody of the Alabama Department of Corrections from the Houston County Jail. At any rate, his imprisonment has no effect on his argument concerning the statute of limitations. In 1996, the Alabama legislature amended ALA. CODE § 6-2-8 to remove imprisonment as a condition that tolled the statute of limitations. *See* 1996 Ala. Laws 96-641. The tolling statute now recognizes only two disabilities: (1) age below 19 years and (2) insanity. Ala. Code § 6-2-8. Thus, to the extent Plaintiff asserts that imprisonment tolled the statute of limitations, that argument is without merit. *McNair*, 515 F.3d at 1173; *Holt v. Baker*, 710 F. App'x 422, 424 (11th Cir. 2017), *cert. dismissed,* 139 S. Ct. 97, 202 L. Ed. 2d 3 (2018).

Oct. 28, 2003) and *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997)).  It appears from the Complaint that every action alleged by the Plaintiff occurred in 2010, 2011, or 2012, and, although he complains that he was not given notice of a hearing on the garnishment of his social security benefits, he does not deny receiving a copy of the notice of garnishment while he was in the Houston County Jail.  Further, he cannot dispute that he was fully aware of all of the alleged conduct at least by June 6, 2013, when he signed a motion seeking relief from the garnishment and asking that the money be repaid to him. As such, Plaintiff's fraud claims are barred by Alabama's two-year statute of limitations and are due to be dismissed.

### E.    Plaintiff's Civil Conspiracy Claim

Lastly, Plaintiff claims that the Defendants are liable for civil conspiracy.  He alleges that Defendants Ingram and Spivey committed civil conspiracy when Defendant Ingram obtained the advice of Defendant Spivey to grant a pre-judgment order for the social security administration to garnish his benefits. Doc. 1-1 at 11.  He states the conspiracy began when the party seeking child support payments in the state court case informed Defendant Spivey that he was anticipating his first social security benefits check and Defendant Spivey then filed a motion for garnishment. *Id.* at 12.  He also states that Defendant Berryhill and the other two Defendants violated "18 U.S.C. 241, conspiracy against the rights and 18 U.S.C. 242, deprivation of rights under color of law."[3] Doc. 1 at 15 and Doc. 31 at 9.

---

[3] Although cited in a statement alleging conspiracy, 18 U.S.C. § 242 does not involve a conspiracy claim.  That statute, which criminalizes willfully depriving persons under color of law of their

Plaintiff's conspiracy claims are without merit. First, Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States, and there is no private right of action under this criminal statute. *Pritchett v. Filmore*, 2019 WL 1373674, at *2 (M.D. Ala. Jan. 31, 2019), *report and recommendation adopted,* 2019 WL 1368624 (M.D. Ala. Mar. 26, 2019). Therefore, Plaintiff is not entitled to any relief under 18 U.S.C. §§ 241. Furthermore, as with Plaintiff's other claims, the statute of limitations for civil conspiracy in Alabama is two years. *Eaton v. Unum Grp.*, 2015 WL 5306185, at *4 (N.D. Ala. Sept. 10, 2015) (citing Ala. Code § 6–2–38(l) and *Boyce v. Cassese,* 941 So. 2d 932, 944 (Ala. 2006) (noting the two-year statute of limitations applicable to fraud and conspiracy actions)). Because the alleged conduct serving as the basis for his conspiracy claims is the same conduct alleged in his § 1983 and fraud claims, the conspiracy claims are barred by the two-year statute of limitations and are due to be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the undersigned concludes that all of Plaintiff's claims against the Defendants are due to be dismissed. Accordingly, the undersigned RECOMMENDS that the Motion to Dismiss by Defendant Lori Collier Ingram (Doc. 19),

---

rights under the U.S. Constitutional or laws, does not create a private cause of action. *See Dean v. Chadwick*, 2018 WL 4926330, at *5 (M.D. Ala. Sept. 21, 2018), *report and recommendation adopted,* 2018 WL 4924544 (M.D. Ala. Oct. 10, 2018) (citing *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) (internal citations omitted)).

Motion to Dismiss by LaDonna B. Spivey (Doc. 21), and Motion to Dismiss by Defendant Nancy A. Berryhill (Doc. 25) be GRANTED.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 23, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done this 9th day of May, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE