IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH E. MORRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACT. NO. 1:18-cv-106-ECM ) (WO) |
| LORI COLLIER INGRAM, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's Motion to Alter or Amend or Vacate a Judgment pursuant to Rule 59(e) (doc. 50) filed on July 11, 2019. In his motion to alter or amend, Plaintiff asserts that he "had no means to prepare" his objections to the Recommendation of the Magistrate Judge because the prison was on "lock-down." (Doc. 50 at 1).

The Recommendation of the Magistrate Judge was entered on May 9, 2019, and objections were due on May 23, 2019. (Doc. 41). On May 20, 2019, the Plaintiff requested a twenty-one (21) day extension of time to file his objections because he had insufficient time in the law library. (Doc. 42). The Magistrate Judge granted the Plaintiff's motion and extended the deadline for filing objections to June 11, 2019. (Doc. 43). On June 12, 2019, without offering any explanation, the Plaintiff again requested an extension of time to file objections. (Doc. 44). On June 14, 2019, the Magistrate Judge denied the Plaintiff's motion. (Doc. 45). On June 20, 2019, the Plaintiff filed a motion for reconsideration of the denial of his motion for an extension of time, (doc. 48) but critically, he still did not

file any objections. On June 21, 2019, the Court entered an order adopting the Recommendation of the Magistrate Judge (doc. 46) and entered final judgment (doc. 47).

The Plaintiff alleges he had insufficient time in the law library to prepare his objections. The affidavit submitted in support of the motion for reconsideration (doc. 48, Ex. 1) demonstrates that the law library was open on a regular basis from May 23 through June 7, open reduced hours on June 8 and June 13, and open for six hours and thirty minutes on June 12, 2019. *Id.* The Plaintiff had a sufficient amount of time to file objections. More importantly, although the Plaintiff has filed two motions for extensions of time, a motion for reconsideration and a motion to alter or amend judgment, Plaintiff has not filed any objections to the Recommendation and offers no reason why the judgment in this case should be vacated. Accordingly, it is

ORDERED that the Plaintiff's Fed R. Civ. P. 59 motion (doc. 50) is DENIED.

In his motion to alter or amend, the Plaintiff also requests that "he be granted a [certificate of appealability] because he's being denied due process of law" and subjected to "cruel and unusual punishment by not being afforded an enlargement of time." (Doc. 50 at 2). The court construes his request as a motion for leave to appeal *in forma pauperis* and a motion for a certificate of appealability.

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States,* 369 U.S. 438, 445 (1962), or "has no substantive merit." *United States v. Bottoson,* 644 F.2d 1174, 1176 (5th Cir. Unit B 1981).

Applying this standard, the Court is of the opinion, for the reasons stated in the Recommendation of the Magistrate Judge and the Memorandum Opinion, the Plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See e.g. Rudolph v. Allen*, *supra*.

Accordingly, the appeal in this cause be and is hereby certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith, and the motion for leave to appeal *in forma pauperis* and motion for a certificate of appealability are hereby DENIED.

DONE this 16th day of July, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE